**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LYNDSEY RESENDEZ** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. H-03-1870** |
| | § | |
| **WAL-MART STORES, INC.** | § | |
| | § | |
| **Defendant** | § | |

**MEMORANDUM AND ORDER**

Plaintiff has filed a Motion for New Trial.  For the reasons set forth below, the Motion is **DENIED**.

Plaintiff presents the following arguments for a new trial: (1) the jury verdict was against the great weight of the evidence presented at trial; (2) there was factual insufficiency to support a jury finding that the negligence of Defendant did not proximately cause the occurrence in question; and (3) newly discovered evidence shows that Defendant's expert gave erroneous and fabricated testimony, resulting in an improper verdict.  When examined closely, Plaintiff's arguments do not satisfy the well-established criteria for the granting of a second trial.

In the Fifth Circuit, "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great not merely the greater weight of the evidence." *Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980) (citation omitted).  "Factors militating against new trials in such cases are simplicity of the issues, the degree to which the evidence was in dispute, and the absence of any pernicious or undesirable occurrence at trial." *Id.* (citation omitted).  A new trial can also be granted if the trial was unfair or there was prejudicial error. *Smith v. Transworld*, 773

F.2d 610, 613 (5th Cir. 1985) (citation omitted).  In deciding whether newly discovered evidence is sufficient to warrant a new trial, a district court should consider whether the evidence: (1) would probably have changed the outcome of the trial; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching. *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995).  None of the alleged infirmities identified by Plaintiff justifies granting a new trial in this case.

Throughout this case, the parties agreed that the governing standard of law was that enunciated by the Texas Supreme Court in *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749 (Tex. 1998).  Plaintiff now argues that the evidence presented to the jury clearly met the *Timberwalk* test and that the verdict was therefore against the great weight of the evidence.  There is no merit to this argument.  There was a fact issue as to whether the crimes previously committed on Defendant's property were similar enough to make the incident in question reasonably foreseeable.  Furthermore, as will be explained below, foreseeability was only part of the negligence inquiry.  The jury heard the testimony of both sides' experts and ultimately concluded that Defendants' actions did not proximately cause the incident in question.  There was ample evidence to support the jury's conclusion.

Plaintiff next attacks the expert testimony of Dr. Moore, saying that some of his opinions were inadmissible.  Plaintiff questions Dr. Moore's discussion of the security practices of nearby businesses, saying that *Timberwalk* limits the inquiry to events taking place "on or near the premises." *Timberwalk*, 972 S.W.2d at 756 (quoting *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996)).  However, as Defendant points out, Plaintiff misunderstands the nature of Dr. Moore's testimony.  As *Timberwalk* states, "[t]he foreseeability of an unreasonable risk of criminal conduct is a prerequisite to imposing a duty of care on a person who owns or controls premises to protect others on the property

from the risk.  Once this prerequisite is met, the parameters of the duty must still be determined." *Id*.  In other words, foreseeability alone does not determine negligence.  The jury also had to decide whether Defendant exercised ordinary care to protect Plaintiff from the danger.  The security provided by nearby businesses is certainly relevant to this inquiry.   Plaintiff also attaches affidavits showing that the businesses Dr. Moore mentioned were not as close to Defendant's place of business as Dr. Moore stated in his testimony.  The Court does not believe that any such minute factual inaccuracy in Dr. Moore's testimony would have changed the outcome of the trial.  Plaintiff's attack on this aspect of Dr. Moore's testimony is also based on her speculation as to the basis for the jury's verdict.  However, because of the nature of the jury's verdict, it is impossible for anyone to know definitively the jury's position on any of the issues in the case.

Plaintiff also questions Dr. Moore's opinion as to the relevance of several assault crimes to the foreseeability of the incident in question.  This issue was the subject of Defendant's Motion for Summary Judgment and a majority of the testimony at trial. Plaintiff simply has a different view as to whether certain crimes should be seen as similar to the incident in question.  As stated above, this is not a basis for granting a new trial.[1]

Plaintiff also attacks many of the other opinions that Dr. Moore offered during his testimony.  Dr. Moore was designated as an expert for the purposes of this trial, and was qualified to give his views as to issues within his area of expertise.  All of the opinions that Plaintiff questions in her Motion were within Dr. Moore's area of expertise.

---

[1] Plaintiff also points out that a non-aggravated assault can be considered a felony if it is committed against a family or household member and the person has a prior conviction of family violence.  It is not entirely clear how this is relevant to the Court's inquiry, because the issue is how similar the crimes that occurred in the past were to the incident in question.  Furthermore, *Timberwalk* specifically states that incidents of domestic violence do not predict third party sexual assaults.  *Timberwalk*, 972 S.W.2d at 758.

Therefore, the jury was entitled to consider Dr. Moore's testimony and give it the weight it thought the testimony deserved.

The Court also believes that any small inaccuracies in Dr. Moore's resume would not have affected the outcome of the trial, could have been discovered before with due diligence, and are merely impeaching.  In addition, Dr. Moore's uncertainty about when his security license was issued, as well as his misunderstanding as to when the law was changed regarding licensure and whether he needs a license to testify in court, do not justify granting a new trial.

This trial was certainly emotionally charged, however the legal and factual issues presented were relatively simple, some evidence was undisputed, while other evidence was in dispute, and there was no undesirable or pernicious event at trial.  In short, there were no infirmities that necessitate a new trial.

IT IS SO ORDERED.

SIGNED this 16 th day of June, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**